IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LAMONT O. DOUGLAS,

     Plaintiff,

v.                                        Civil Action No. **3:15CV34**

KEITH DAVIS, *et al.*,

     Defendants.

**MEMORANDUM OPINION**

Lamont O. Douglas, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this

42 U.S.C. § 1983 action.[1]  The matter is before the Court for evaluation pursuant to 28 U.S.C.

§§ 1915(e)(2) and 1915A.

I.     **PRELIMINARY REVIEW**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any

action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state

a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The

first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims

where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or
> causes to be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an
> action at law . . . .

42 U.S.C. § 1983.

(E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.   SUMMARY OF ALLEGATIONS

In his Complaint, Douglas alleges that Defendants[2] violated his First Amendment right to "freedom of the press."[3] (Compl. 3.) In support of his claims, Douglas alleges:[4]

> 1. At all times relevant Defendant(s) Davis and Boone were in a position to cure the violations to Plaintiff's First Amendment freedom of press and chose not to cure the violation when brought to their attention by way of formal grievance (attached) which defendant Boone personally answered on 9–10–14, and verbally when Davis made rounds in the segregation housing unit on Wednesdays.
> 2. At all times relevant the Defendant(s) Davis and Boone were responsible for the daily activities at Sussex One State Prison and had the final word on all matters related to incoming mail from approved sources.

---

[2] The named Defendants are:  Keith Davis, Warden of Sussex I State Prison ("SISP"); J. Boone, Assistant Warden of SISP; and, T. Brickhead, Operations Manager of SISP.

[3] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances." U.S. Const. amend. I.

[4] The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system. The Court corrects the punctuation, capitalization, and spelling in quotations from the Complaint.

3. While at Sussex One[,] I frequented the law library. I requested the Federal Rules of Civil Procedure from the institutional law library while I was there. I was informed by D. Gilliam (library clerk) they did not have this item.

4. On 5–11–14, I requested by letter to the Chesapeake Law Library a copy of the Federal Rules of Civil Procedure, and received from Chesapeake a memo stating:

To inmates at Sussex I and Sussex II prisons:

We have been informed by your institution that we may no longer send legal information to inmates at your facility. Outside materials sent to inmates are returned to our library. We have been advised to direct inmates to the institution's law library and [have been] assured internal procedures are in place to assist inmates in legal matters.

5. I then proceeded to request a copy of the F.R.C.P. through the institutional attorney. I was informed by Jack Randall that he does not provide non-Sussex One offenders with legal materials. The other attorney, Henry Thompson, informed me he would not send the rules to me due to money shortages.

6. After these events, Plaintiff proceeded to write formal grievances addressing the institutional lack of a legitimate penal interest in denying Plaintiff legal material (F.R.C.P.) from Chesapeake Law Library another source when it was not available at the institution.

7. This issue was not specifically addressed by the defendant(s) they chose to ignore what was written in the complaint and state offenders can request items through the law library per policy 866.3.

8. When I was at Sussex in 2012–2013 the institution was not denying these request[s] from Chesapeake Law Library. Only in 2014 did the Operations Manager Brickhead target legal materials for censorship. In her response to Plaintiff's informal complaint, Defendant Brickhead gave no penological interest in denying my request for unavailable material in the prison law library from another outside approved source.

(Compl. 3–5, ECF No. 1.) Douglas seeks injunctive and declaratory relief, as well as money damages. (*Id.* at 6.)

As noted above, Douglas contends that Defendants violated his right to "freedom of the press" by preventing him from receiving a copy of the Federal Rules of Civil Procedure. (*Id.* at 3.) However, Douglas fails to identify, and this Court fails to discern, how Douglas has a right to freedom of the press that Defendants have violated. Rather, the Court liberally construes Douglas to raise a claim alleging that Defendants denied him access to the courts when he did

not receive a copy of the Federal Rules of Civil Procedure from the Chesapeake Law Library or from the institutional attorney.

### III.   ANALYSIS

In order to establish a case of denial of access to the courts, a plaintiff must identify with specificity an actual injury to non-frivolous litigation. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). "This requires the inmate to come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions." *McCoy v. Clarke*, No. 3:11CV731, 2013 WL 4749912, at *2 (E.D. Va. Sept. 3, 2013) (citations omitted) (internal quotation marks and alteration omitted).

Douglas's Complaint is completely devoid of any allegations concerning an actual injury to non-frivolous litigation. Indeed, Douglas identifies no pending litigation, much less non-frivolous litigation. The right of access to the courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). In both his Complaint and the copies of grievances attached to his Complaint, Douglas simply states that he wanted a copy of the Federal Rules of Civil Procedure, but fails to allege why he required a copy. Given this, Douglas wholly fails to describe a "predicate claim . . . well enough to apply the 'non-frivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.* at 416 (footnote omitted).

Moreover, Douglas fails to allege "actual injury" from Defendants' actions. Douglas vaguely mentions that Defendants "chose to ignore what was written in the complaint and state offenders can request items through the law library per policy 866.3." (Compl. ¶ 7.) To the extent that Douglas is alleging that Defendants violated that institutional policy, violations of prison operating procedures do not implicate constitutional rights and are not cognizable under

5

§ 1983. *See Riccio v. Cty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990). Thus, Douglas fails to explain how Defendants' actions violated his constitutional rights. *See Campbell v. Johnson*, 465 F. Supp. 2d 597, 603 (E.D. Va. 2006) (dismissing plaintiff's claim that he was denied access to the courts because, *inter alia*, the law library was inadequate, the institutional attorney declined to assist him, and he could not obtain materials from outside sources, because plaintiff "ha[d] not alleged that he sustained an actual injury"). Accordingly, Douglas's claim will be DISMISSED.

Douglas seeks injunctive relief in the form of an order prohibiting SISP from "denying legal materials from [the] Chesapeake Law Library." (Compl. 6.) Plaintiff also seeks declaratory relief "to declare whether the censorship of legal materials (F.R.C.P.) was a legitimate exercise of [Defendants'] discretion." (*Id.*) "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) (citing *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986)). Douglas is now incarcerated at Red Onion State Prison. Accordingly, Douglas's claims for injunctive and declaratory relief will be DISMISSED AS MOOT.

## IV. CONCLUSION

For the foregoing reasons, Douglas's claim will be DISMISSED. Douglas's claims for injunctive and declaratory relief will be DISMISSED AS MOOT. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

6

An appropriate Order will accompany this Memorandum Opinion.

_____ /s/
John A. Gibney, Jr.
United States District Judge

Date: 1/20/16
Richmond, Virginia